﻿Citation Nr: AXXXXXXXX
Decision Date: 08/31/20 Archive Date: 08/31/20

DOCKET NO. 190816-26848
DATE: August 31, 2020

ORDER

Entitlement to restoration of a 60 percent disability rating for coronary artery disease, status post coronary artery bypass grafting (CABG) and myocardial infarction, is granted, effective October 1, 2019, subject to the laws and regulations governing the award of monetary benefits.

FINDING OF FACT

An improvement of the Veteran’s ability to function under the ordinary conditions of life and work as a result of his service-connected coronary artery disease has not been demonstrated. 

CONCLUSION OF LAW

Restoration of a 60 percent disability rating for coronary artery disease, status post CABG and myocardial infarction, is warranted. 38 U.S.C. § 1155; 38 C.F.R. §§ 3.105(e), 3.344, 4.3, 4.7, 4.71a, Diagnostic Code 7006.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty in the United States Army from February 1966 to February 1970. 

This matter comes before the Board of Veterans’ Appeals (Board) on appeal from a July 2019 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO). The decision was issued pursuant to the Veterans Appeals Improvement and Modernization Act of 2017. The Veteran submitted a VA Form 10182, Notice of Disagreement, in August 2019, requesting direct review of the claims by the Board. 

Propriety of reduction of disability rating, from 60 percent to 30 percent, for coronary artery disease, status post CABG and myocardial infarction

By way of background, service connection for coronary artery disease, status post CABG and myocardial infarction, was granted in a September 2016 rating decision. See rating decision dated September 7, 2016. The agency of original jurisdiction (AOJ) awarded the Veteran a 30 percent initial disability rating, effective May 2, 2015; a 100 percent disability rating from August 20, 2016 to November 30, 2016; and a 30 percent disability rating from December 1, 2016. Id. The Veteran filed a claim for an increased disability rating in February 2017; and in a May 2017 rating decision, the AOJ increased the disability rating to 60 percent, effective February 24, 2017. In March 2018, VA proposed a reduction of the 60 percent disability evaluation to a 30 percent disability rating; and in July 2019, the AOJ decreased the disability evaluation for the Veteran’s coronary artery disease to 30 percent, effective October 1, 2019. In reducing the Veteran’s disability rating, the AOJ relied primarily on updated medical records and the findings of a February 2018 VA examination, which revealed improvement in the Veteran’s disability picture.

Generally, when reduction in the evaluation of a service-connected disability is contemplated and the lower evaluation would result in a reduction or discontinuance of compensation payments, a rating proposing the reduction or discontinuance will be prepared setting forth all material facts and reasons. The beneficiary must be notified at his latest address of record of the contemplated action and furnished detailed reasons therefore. The beneficiary must be given 60 days for the presentation of additional evidence to show that compensation payments should be continued at the present level. 38 C.F.R. § 3.105(e). In this case, as noted above, the AOJ proposed a reduction in the disability rating of Veteran’s coronary artery disease from 60 percent to 30 percent in a March 2018 rating decision. The Veteran was notified in correspondence dated March 29, 2018 that the reduction would result in his combined disability rating being reduced from 80 percent to 60 percent.

The law provides that where a rating reduction was made without observance of law, although a remand for compliance with that law would normally be an adequate remedy, in a rating reduction case the erroneous reduction must be vacated and the prior rating restored. Schafrath v. Derwinski, 1 Vet. App. 589, 595 (1991).

The AOJ must find the following in order to reduce an evaluation: (1) based on a review of the entire record, the examination forming the basis for the reduction is full and complete, and at least as full and complete as the examination upon which the rating was originally based; (2) the record clearly reflects a finding of material improvement; and (3) it is reasonably certain that the material improvement found will be maintained under the ordinary conditions of life. 38 C.F.R. § 3.344(a); Kitchens v. Brown, 7 Vet. App. 320 (1995).

In Brown v. Brown, the United States Court of Appeals for Veterans Claims (Court) determined that the provisions of 38 C.F.R. § 3.344(a) only apply where the rating to be reduced has continued for five years or more. Brown v. Brown, 5 Vet. App. 413, 416-19 (1993). Nevertheless, the Court noted that 38 C.F.R. §§ 4.10, which provides that “[t]he basis of disability evaluations is the ability of the body as a whole, or of the psyche, or of a system or organ of the body to function under the ordinary conditions of daily life including employment,” and 4.2, which provides that “[e]ach disability must be considered from the point of view of the veteran working or seeking work,” apply generally to all rating reductions. Brown, 5 Vet. App. at 421. Hence, the Court concluded that “in any rating-reduction case not only must it be determined that an improvement in a disability has actually occurred but also that that improvement actually reflects an improvement in the veteran’s ability to function under the ordinary conditions of life and work.” Id. 

In general, the AOJ’s reduction of a rating must have been supported by the evidence on file at the time of the reduction. Pertinent post-reduction evidence favorable to restoring the rating, however, also must be considered. Dofflemeyer v. Derwinski, 2 Vet. App. 277 (1992). A veteran need not demonstrate that he is entitled to retain the higher evaluation; rather, it must be shown by a preponderance of the evidence that the AOJ’s reduction was warranted. See Brown, supra.

Upon review of the record in this case, the Board finds that the evidence weighs against a finding of an improvement in the Veteran’s coronary artery disease at the time of the reduction under the ordinary conditions of life and work. The Board acknowledges that the February 2018 VA examination revealed improvement in the Veteran’s symptomatology, as compared with the results documented in the prior VA examination the Veteran was afforded for the disability, conducted in August 2016. However, the evidence does not clearly reflect a finding of material improvement, nor is there evidence that the impact of the Veteran’s coronary artery disease on the ordinary conditions of his life or work has improved. 

The February 2018 examination reported that the Veteran experienced no history of congestive heart failure; that the Veteran’s METs level (where one MET is the energy cost of standing quietly at rest and represents an oxygen uptake of 3.5 milliliters per kilogram of body weight per minute) was greater than 5 to 7 METs, with demonstrated symptoms of dyspnea and angina. See VA examination dated February 13, 2018. The report also documented left ventricular dysfunction with an ejection fraction of 63 percent and cardiac hypertrophy, based on the results of an echocardiogram performed in October 2012. Id. 

However, the Veteran has consistently maintained that the symptoms of his coronary artery disease have caused increasing difficulty on his ability to function under the ordinary conditions of life and/or work. He contends that, contrary to VA’s finding that the symptomatology of his service-connected coronary artery disease has improved, the symptoms of his coronary artery disease have in fact worsened over time. See Correspondence dated April 5, 2018. The Veteran has also stated that his ongoing heart problems have negatively impacted his ability to work. See Correspondence dated February 20, 2018. Notably, the Veteran is competent to report his symptomatology. See Barr v. Nicholson, 21 Vet. App. 303 (2007).

Under these circumstances, the Board finds that the rating reduction from 60 to 30 percent for coronary artery disease was improper because the evidence of record does not demonstrate an improvement in the Veteran’s coronary artery disease under the ordinary conditions of life and work. Therefore, the Board restores the 60 percent rating for coronary artery disease effective October 1, 2019, the date of the rating reduction.

 

 

ANTHONY C. SCIRÉ, JR

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board G. Tolbert, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.